# EXHIBIT I

## U.S. Department of Justice & U.S. Department of Education, Dear Colleague Letter: School Enrollment Procedures

 **U.S. Department of Justice**
*Civil Rights Division*

**U.S. Department of Education**
*Office for Civil Rights*
*Office of the General Counsel*


May 8, 2014

Dear Colleague:

Under Federal law, State and local educational agencies (hereinafter "districts") are required to provide all children with equal access to public education at the elementary and secondary level. Recently, we have become aware of student enrollment practices that may chill or discourage the participation, or lead to the exclusion, of students based on their or their parents' or guardians' actual or perceived citizenship or immigration status. These practices contravene Federal law. Both the United States Department of Justice and the United States Department of Education (Departments) write to remind you of the Federal obligation to provide equal educational opportunities to all children residing within your district and to offer our assistance in ensuring that you comply with the law. We are writing to update the previous Dear Colleague Letter on this subject that was issued on May 6, 2011, and to respond to inquiries the Departments received about the May 6 Letter. This letter replaces the May 6 Letter.

The Departments enforce numerous statutes that prohibit discrimination, including Titles IV and VI of the Civil Rights Act of 1964. Title IV prohibits discrimination on the basis of race, color, or national origin, among other factors, by public elementary and secondary schools. 42 U.S.C. § 2000c-6. Title VI prohibits discrimination by recipients of Federal financial assistance on the basis of race, color, or national origin. 42 U.S.C. § 2000d. Title VI regulations, moreover, prohibit districts from unjustifiably utilizing criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of a program for individuals of a particular race, color, or national origin. *See* 28 C.F.R. § 42.104(b)(2) and 34 C.F.R. § 100.3(b)(2).

Additionally, the United States Supreme Court held in the case of *Plyler v. Doe*, 457 U.S. 202 (1982), that a State may not deny access to a basic public education to any child residing in the State, whether present in the United States legally or otherwise. Denying "innocent children" access to a public education, the Court explained, "imposes a lifetime hardship on a discrete class of children not accountable for their disabling status. . . . By denying these children a basic education, we deny

them the ability to live within the structure of our civic institutions, and foreclose any realistic possibility that they will contribute in even the smallest way to the progress of our Nation." *Plyler*, 457 U.S. at 223. As *Plyler* makes clear, the undocumented or non-citizen status of a student (or his or her parent or guardian) is irrelevant to that student's entitlement to an elementary and secondary public education.

To comply with these Federal civil rights laws, as well as the mandates of the Supreme Court, you must ensure that you do not discriminate on the basis of race, color, or national origin, and that students are not barred from enrolling in public schools at the elementary and secondary level on the basis of their own citizenship or immigration status or that of their parents or guardians. Moreover, districts may not request information with the purpose or result of denying access to public schools on the basis of race, color, or national origin. To assist you in meeting these obligations, we provide below some examples of permissible enrollment practices, as well as examples of the types of information that may not be used as a basis for denying a student entrance to school.

In order to ensure that its educational services are enjoyed only by residents of the district, a district may require students or their parents to provide proof of residency within the district. *See*, *e.g.*, *Martinez v. Bynum*, 461 U.S. 321, 328 (1983).[1] For example, a district may require copies of phone and water bills or lease agreements to establish residency. While a district may restrict attendance to district residents, inquiring into students' citizenship or immigration status, or that of their parents or guardians would not be relevant to establishing residency within the district. A district should review the list of documents that can be used to establish residency and ensure that any required documents would not unlawfully bar or discourage a student who is undocumented or whose parents are undocumented from enrolling in or attending school.

As with residency requirements, rules vary among States and districts as to what documents students may use to show they fall within State- or district-mandated minimum and maximum age requirements, and jurisdictions typically accept a variety of documents for this purpose. A school district may not bar a student from enrolling in its schools because he or she lacks a birth certificate or has records that indicate a foreign place of birth, such as a foreign birth certificate.

---

[1] Homeless children and youth often do not have the documents ordinarily required for school enrollment such as proof of residency or birth certificates. A school selected for a homeless child must immediately enroll the homeless child, even if the child or the child's parent or guardian is unable to produce the records normally required for enrollment. *See* 42 U.S.C. § 11432(g)(3)(C)(1).

Moreover, we recognize that districts have Federal obligations, and in some instances State obligations, to report certain data such as the race and ethnicity of their student population. While the Department of Education requires districts to collect and report such information, districts cannot use the acquired data to discriminate against students; nor should a parent's or guardian's refusal to respond to a request for this data lead to a denial of his or her child's enrollment.

Similarly, we are aware that many districts request a student's social security number at enrollment for use as a student identification number. A district may not deny enrollment to a student if he or she (or his or her parent or guardian) chooses not to provide a social security number. *See* 5 U.S.C. §552a (note).[2] If a district chooses to request a social security number, it shall inform the individual that the disclosure is voluntary, provide the statutory or other basis upon which it is seeking the number, and explain what uses will be made of it. *Id.* In all instances of information collection and review, it is essential that any request be uniformly applied to all students and not applied in a selective manner to specific groups of students.

As the Supreme Court noted in the landmark case of *Brown v. Board of Education*, 347 U.S. 483 (1954), "it is doubtful that any child may reasonably be expected to succeed in life if he [or she] is denied the opportunity of an education." *Id.* at 493. Both Departments are committed to vigorously enforcing the Federal civil rights laws outlined above and to providing any technical assistance that may be helpful to you so that all students are afforded equal educational opportunities. As immediate steps, you first may wish to review the documents your district requires for school enrollment to ensure that the requested documents do not have a chilling effect on a student's enrollment in school. Second, in the process of assessing your compliance with the law, you might review State and district level enrollment data. Precipitous drops in the enrollment of any group of students in a district or school may signal that there are barriers to their attendance that you should further investigate.

We are also attaching frequently asked questions and answers and a fact sheet that should be helpful to you. Please contact us if you have additional questions or if we can provide you with assistance in ensuring that your programs comply with Federal law. You may contact the Department of Justice, Civil Rights Division, Educational Opportunities Section, at (877) 292-3804 or education@usdoj.gov, the Department of Education Office for Civil Rights (OCR) at (800) 421-3481 or ocr@ed.gov or the Department of Education Office of the General Counsel at (202) 401-6000. You may also visit http://wdcrobcolp01.ed.gov/CFAPPS/OCR/contactus.cfm for the OCR enforcement office that serves

---

[2] Federal law provides for certain limited exceptions to this requirement. *See* Pub. L. No. 93-579, § 7(a)(2).

your area.  For general information about equal access to public education, please visit our websites at http://www.justice.gov/crt/edo and http://www2.ed.gov/ocr/index.html.

We look forward to working with you.  Thank you for your attention to this matter and for taking the necessary steps to ensure that no child is denied a public education.

Sincerely,

/s/

Catherine E. Lhamon
Assistant Secretary
Office for Civil Rights
U.S. Department of Education

/s/

Philip H. Rosenfelt
Deputy General Counsel
Delegated the Authority to
Perform the Functions and
Duties of the General Counsel
U.S. Department of Education

/s/

Jocelyn Samuels
Acting Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

Attachments