UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ASHTON WHITAKER, a minor,           Case No. 16-cv-943-pp
by his mother and next friend,
MELISSA WHITAKER,

                Plaintiffs,

v.

KENOSHA UNIFIED SCHOOL DISTRICT
NO. 1 BOARD OF EDUCATION, and
SUE SAVAGLIO-JARVIS, in her
official capacity as Superintendent of
the Kenosha Unified School District No. 1,

                Defendants.

---

**ORDER GRANTING PLAINTIFFS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO RECONSIDER CERTIFICATION FOR INTERLOCUTORY APPEAL OF ORDER DENYING MOTION TO DISMISS (DKT. NO. 30), AND VACATING CERTIFICATION**

---

On September 19, 2016, the court issued an oral ruling denying the defendants' Rule 12(b)(6) motion to dismiss. Dkt. No. 28. At the end of the hearing, the parties briefly discussed scheduling oral argument on the plaintiffs' motion for a preliminary injunction, and settled on September 20, 2016 at 1:00 p.m. Id. at 9.

At the conclusion of the September 20, 2016 hearing on the motion for preliminary injunction, counsel for the defendant told the court that he would be submitting a proposed order memorializing the court's denial of the defendants' motion to dismiss. He told the court that he would be including in that proposed order language to the effect that the court's order involving a

1

controlling question of law upon which there was substantial difference of opinion, stating that the defendants would "need" that language if they decided to file an interlocutory appeal. The court did not ask counsel for the defendants to argue in support of this request; it simply stated, "okay." Nor did it give the plaintiffs the opportunity to argue on the question of whether the court should include that language in the order of dismissal.

The defendants submitted the proposed order on September 20, 2016 at 5:28 p.m. (two and a half hours after the conclusion of the preliminary injunction hearing). Dkt. No. 27. After making some edits, the court issued the order at 11:07 a.m. the following day (September 21, 2016); the court's order included the defendants' proposed language: "The court concludes that the reasoning supporting this decision, and the decision itself, involve a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Dkt. No. 29 at 2.

The plaintiffs then filed the current motion, pursuant to Local Rule 7(h), asking the court to reconsider its inclusion of that sentence in the order denying the motion to dismiss. Dkt. No. 30. They make this request pursuant to Fed. R. Civ. P. 60, "Relief From a Judgment or Order." The plaintiffs argue that the defendants have not provided argument that would justify the court's certifying the decision for interlocutory appeal; that such appeals are unusual, and not favored in the Seventh Circuit; and that because the court denied the

2

motion to dismiss on several grounds, interlocutory appeal on one unsettled issue of law would not serve to advance the litigation as a whole. Id.

Local Rule 7(h) for the Eastern District allows a party to seek non-dispositive relief on an expedited basis by designating the motion under that rule. The rule allows the court to schedule a hearing, or to "decide the motion without a hearing."

Fed. R. Civ. P. 60 allows a court to relieve a party from an order if one of a list of grounds exists. Those grounds include mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); fraud (Rule 60(b)(3)); the fact that the judgment from which the movant seeks relief is void (Rule 60(b)(4)) or has been satisfied (Rule 60(b)(5)); or "any other reason that justifies relief," (Rule 60(b)(6)).

The court finds that under the circumstances the plaintiffs describe (which are supported by the record), relief is justified under Rule 60(b)(6), "any other reason that justifies relief." The plaintiffs correctly characterize the series of events which led to the court including the interlocutory appeal language in the order denying the motion to dismiss. Defense counsel stated that he would submit a proposed order containing the language, but made no legal or factual argument in support of certification. The court did not ask defense counsel to provide argument in support of certification, nor did it ask the plaintiffs to respond. It simply included the language in the order, without input from either party. The court erred in failing to solicit argument on this issue.

3

"As a general rule, the district court must issue a final order before an appellate court has jurisdiction to entertain an appeal." Abelesz v. Erste Group Bank AG, 695 F.3d 655, 658 (7th Cir. 2012). See also 28 U.S.C. §1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States . . . .") (emphasis added). "A party generally may not take an appeal under § 1291 until there has been a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Van Cauwenberghe v. Baird, 486 U.S. 517, 521 (1988). Generally speaking, "[a] district court's denial of a motion to dismiss is not a final decision." Cherry v. University of Wisconsin System Bd. Of Regents, 265 F.3d 541, 546 (7th Cir. 2001). This is because when the district court denies the motion to dismiss, the disputed issues remain pending before the court, see United States v. Kashamu, 656 F.3d 679, 681 (7th Cir. 2011), cert. den., Kashamu v. United States, 132 S. Ct. 1046 (2012), and thus the order of denial does not "end the litigation on its merits, Van Cauwenberghe, 486 U.S. at 522. "So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).

There is a mechanism, however, which allows a party to seek review of a non-final order. Section 1292 of Title 28 allows a district court, under certain circumstances, to certify an order for appeal even though it is not final. Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of

4

the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of such order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(Emphasis in the original.)

When deciding a motion for certification, the district court must consider the following factors: (1) whether the motion to be appealed involves a controlling question of law; (2) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation; and (3) whether there is a substantial ground for difference of opinion on that question of law. Another consideration is whether certification would only prolong the life of the litigation at all the parties' expense. Each element of the section 1292(b) test must be met before certification may be granted.

The party seeking interlocutory review has the burden of persuading the court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Courts generally disfavor piecemeal appeals in favor of a single appeal.

Boese v. Paramount Pictures Corp., 952 F. Supp. 550, 560 (N.D. Ill. 1996) (internal citations omitted). "[Section 1292] is to be invoked only in exceptional cases where a decision on appeal may obviate the need for protracted and expensive litigation . . . ." Fed. Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis., 604 F. Supp. 616, 620 (E.D. Wis. 1985).

5

It is clear, under this standard, that this court erred in including the interlocutory certification language in the order denying the motion to dismiss. The defendants did not make a formal motion for certification. At a stretch, one could argue that defense counsel's statement to the court that he was going to submit an order containing the language constituted a motion, and that the court's response—"Okay"—constituted a grant of that motion. Given the requirement, however, that the moving party prove every §1292 element, and that the moving party carry the burden of persuasion as to each of those elements, this court's cursory "granting" of such a cursory "motion" is insupportable.

This conclusion is supported by a review of the §1292 factors. The denial of the motion to dismiss, as discussed above, does constitute "an order not otherwise appealable" under §1291. But as the plaintiffs argue in the current motion, because the court based its denial of dismissal on several grounds, the order is not solely based on resolution of "a controlling question of law as to which there is substantial ground for difference of opinion." "It is generally held that a question of law is not 'controlling' merely because it is determinative of [sic] case at hand; rather, a question is controlling only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." Fed. Deposit Ins. Corp., 604 F. Supp. at 620 (quoting Kohn v. Royall, Koegel & Wells, 59 F.R.D. 515, 525 (S.D.N.Y. 1973), *appeal dismissed*, 496 F.2d 1094 (2d Cir. 1974)). "Moreover, § 1292(b) was not intended merely to provide an avenue for review of difficult rulings in hard case, and the mere fact that there is a lack of

6

authority on a disputed issue does not necessarily establish some substantial ground for a difference of opinion under the statute." Id. (citing United States ex rel. Hollander v. Clay, 420 F. Supp. 853, 859 (D.D.C. 1976).

In this case, the court denied the defendants' motion to appeal on several grounds. First, the court found that neither Title IX nor the regulations promulgated under Title IX nor the case law defined the word "sex" as used in the statute, and that the case law considering that word in the context of transgender students was contradictory. Dkt. No. 28 at 5. The court concluded, therefore, that because there was no controlling law on the issue in the Seventh Circuit, and because there were factual and legal disputes between the parties on the question, dismissal was not appropriate. Id. As to this issue, the court acknowledges that final decision on the merits regarding whether discrimination based on transgender status constitutes discrimination based on sex as defined by Title IX might contribute to the early determination of an issue in a wide spectrum of cases.

But the court also found that, regardless of the answer to the question of whether discrimination against transgender students constituted discrimination based on sex under Title IX, the plaintiff had pleaded sufficient facts to survive a motion to dismiss on a claim of gender stereotyping. Other courts, including one in this district, have refused to grant Rule 12(b)(6) motions to dismiss Title IX gender stereotyping claims. See, e.g., N.K. v. St. Mary's Springs Academy of Fond Du Lac, Wisconsin, Inc., 965 F. Supp. 2d 1025, 2034 (E.D. Wis. 2013) (citing Hamm v. Weyauwega Milk Products, Inc.,

7

332 F.3d 1058, 1064 (7th Cir. 2003); Doe v. Brimfield Grade School, 552 F. Supp. 2d 816, 823 (C.D. Ill. 2008); Howell v. North Central College, 320 F. Supp. 2d 717, 720 (N.D. Ill. 2004); Theno v. Tonganoxie Unified School Dist., 377 F. Supp. 2d 952, 964 (D. Kansas 2005)). Even if, therefore, this court (or the Seventh Circuit) ultimately were to find against the plaintiffs on the question of whether transgender discrimination constituted discrimination based on sex under Title IX, the plaintiffs still could prevail on a claim that the defendants' treatment of Ash Whitaker constituted prohibited sex stereotyping under Title IX.

The court also denied the motion to dismiss Count Two, the plaintiffs' equal protection claim. Dkt. No. 28 at 8-9. The court found that the plaintiffs had alleged sufficient facts to survive a motion to dismiss the claim that the defendants had violated his equal protection rights. The court articulated several ways in which the plaintiff could succeed on an equal protection claim: by proving that, as a male, he'd been treated differently from other males with no justification; by proving that, as a transgender person, he was a member of a suspect class, and had been discriminated against with no justification; and by proving that he'd been discriminated against without a rational basis. Id. at 9. See also Decision and Order Granting in Part Motion for Preliminary Injunction, Dkt. No. 33 at 9.

Only one of the above bases for the court's decision to deny the motion to dismiss arguably falls into the "controlling question of law as to which there is substantial ground for difference of opinion"—the question of whether

8

transgender discrimination constitutes discrimination on the basis of "sex" as used in Title IX. The other bases do not.

That conclusion dictates the conclusion as to the second element of the interlocutory injunction test—whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." This prong of the interlocutory appeal test "properly turns on pragmatic considerations." Federal Deposit Ins. Corp., 604 F. Supp. at 620. In a situation like this one, where the appellate court's resolution of the one arguably controlling question of law would not end the litigation as to the other grounds, the appellate court's decision would not materially advance the ultimate termination of the litigation. The court emphasized several times in its oral ruling on the motion to dismiss that the plaintiffs had, at this early stage in the litigation, alleged sufficient facts and law to proceed. The court acknowledged that there were many factual issues yet to be fleshed out by both parties, and legal issues to be expanded upon. The defendants' stated intention to seek interlocutory appeal as to the merits of the entire case only two months after the complaint was filed is an attempt to side-step that litigation.

Certainly there are cases in which an interlocutory appeal is an appropriate way to avoid drawn-out and costly litigation. But if that were the only basis for granting a motion for an interlocutory appeal—avoiding drawn-out and costly litigation—federal district courts would grant such motions daily. The fact, standing alone, that further district court litigation will take time, and will impose costs on both sides, is not the "exceptional case" for

9

granting an interlocutory appeal and incurring the "piecemeal" appellate process disfavored by the Seventh Circuit and other courts.

To sum up: The defendants did not properly move for certification under §1292(b). The court erred in failing to solicit argument justifying certification under §1292(b). The court's review of the §1292(b) standard leads the court to conclude that there is no basis for certification under §1292(b).

Accordingly, the court **GRANTS** the plaintiff's Civil Rule 7(h) Expedited Non-Dispositive Motion to Reconsider Certification of Interlocutory Appeal of Order Denying Motion to Dismiss. Dkt. No. 30. The court **VACATES** the following language in the order denying the motion to dismiss (Dkt. No. 29): "The court concludes that the reasoning supporting this decision, and the decision itself, involve a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Dkt. No. 29 at 2. The court will issue an amended order of dismissal.

Dated in Milwaukee, Wisconsin this 24th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge