UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ASHTON WHITAKER,
By his mother and next friend,
Melissa Whitaker,

        Plaintiff,

v.

KENOSHA UNIFIED SCHOOL DISTRICT NO. 1
BOARD OF EDUCATION and
SUE SAVAGLIO-JARVIS,

        Defendants.

Case No. 16-cv-943-pp

---

**ORDER DENYING DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED, NON-DISPOSITIVE MOTION TO STAY PRELIMINARY INJUNCTION (DKT. NO. 33) PENDING APPEAL (DKT. NO. 44)**

---

The plaintiff filed his complaint on July 19, 2016, Dkt. No. 1, and less than a month later, filed a motion for preliminary injunction, Dkt. No. 10. A day after the plaintiff filed the motion for preliminary injunction, the defendants filed a motion to dismiss the complaint. Dkt. No. 15. A few days later, they filed a brief in opposition to the motion for preliminary injunction. Dkt. No. 17.

On September 6, 2016, the court heard oral argument on the motion to dismiss. Dkt. No. 26. On September 19, 2016, the court issued an oral ruling denying the defendants' motion to dismiss. Dkt. No. 28. The court scheduled a hearing on the motion for preliminary injunction for the following day, September 20, 2016. Id. at 9.

1

On September 20, 2016, the parties presented their oral arguments on the motion for preliminary injunction. Dkt. No. 31. In considering the question of whether the plaintiffs had a likelihood of success on the merits, the court relied in good part on its decision from the previous day denying the motion to dismiss.[1] At the conclusion of the hearing, the court granted in part[2] the plaintiff's motion for a preliminary injunction, and enjoined the defendants from prohibiting the plaintiff from using the boys' restrooms at his high school; from taking punitive action against the plaintiff for using the boys' restrooms; and from taking any action to monitor his restroom usage. Dkt. No. 31 at 1. Counsel for the defendants asked the court to stay the injunction until October

---

[1] There is a bit of a procedural morass surrounding that decision. Counsel for the defendants informed the court at the end of the hearing that he would be submitting a proposed order, denying his motion to dismiss but containing the necessary findings for certification of an interlocutory appeal. He did not make any argument in support of that proposal; the court did not elicit any, nor did it ask for the plaintiff's position. The court entered the order, with the interlocutory appeal certification language, on September 21. Dkt. No. 29. The next day, the plaintiff filed a motion asking the court to reconsider including the interlocutory appeal certification language. Dkt. No. 30. On September 23, 2016, before the court ruled on that motion, the defendants filed a notice of appeal with the Seventh Circuit, appealing both the order denying the motion to dismiss and the order granting the preliminary injunction (an order the court had issued on September 22, 2016, Dkt. No. 33). Dkt. No. 34. On September 25, 2016, the court issued an order granting the plaintiff's motion to reconsider, Dkt. No. 36, and entered an amended order denying the motion to dismiss but removing the interlocutory appeal certification language, Dkt. No. 35. The next day, the Seventh Circuit ordered the plaintiff to respond to the defendants' request for interlocutory appeal by October 11, 2016.

[2] The plaintiff's complaint requests other relief: it asks the court to prohibit the defendants from referring to the plaintiff by his birth name, and from using female pronouns to identify him; to require the school to allow him to room with other boys on school trips; to prohibit the school from requiring the plaintiff to wear identifying markers, such as a colored wristband; and other relief. The court did not grant injunctive relief on those requests—some were not ripe, and others speculated actions that had not yet occurred.

1, 2016, to allow the defendants time to appeal. Id. The court declined. Id. at 2. The defendants also asked the court to require the plaintiff to post a bond; the court took that request under advisement. Id.

On September 22, 2016, the court issued its written order granting in part the motion for preliminary injunction. Dkt. No. 33. In particular, the court weighed the balance of harms, and concluded that the harms suffered by the plaintiff if the court did not grant the injunctive relief outweighed any potential harms suffered by the defendant if the court were to impose the injunction. Id. at 13-15. The court also found that the issuance of the injunction would not negatively impact the public interest. Id. at 15. Finally, the court declined to require the plaintiff to post a bond. Id. at 15-17.

The defendants again have asked the court to stay the preliminary injunction. Dkt. No. 44. The defendants point out that they have appealed the court's decision to the Seventh Circuit (both appealed as of right regarding the order granting the motion for preliminary injunction, and sought interlocutory appeal regarding the court's denial of the motion to dismiss the complaint). Id. at 2. They argue, as they did in their motion to dismiss, that the Seventh Circuit's decision on Ulane v. Eastern Airlines, Inc., 742 F.2d 1081) (7th Circuit) mandates a ruling in their favor on the Title IX issue (despite conceding that the court has not decided the precise issue in question in this case). Id. at 1-2. They argue that they will suffer irreparable harm from the injunction, because the injunction "threatens the constitutionally protected privacy interest of the approximately 22,000 students in the school district." Id. at 2-3.

3

They argue that the plaintiff will not be harmed by staying the injunction, because a stay would maintain the *status quo* and would not worsen the plaintiff's health. Id. at 3. Finally, they argue that the public interest would be served by a stay of the injunction, because it will prevent the school district's students and parents from being "subjected to an injunction that perpetuates a policy that the federal government is unable to enforce," citing State of Texas v. United States, Case No. 16-cv-54, 2016 WL 4426495 (N.D. Tex., August 21, 2016).[3]

As the defendants state in their motion, the factors a movant must satisfy to obtain a stay pending appeal are similar to the factors a movant must satisfy to obtain injunction relief. Hinrichs v. Bosma, 440 F.3d 393, 396 (7th Cir. 2006) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The moving party must demonstrate that "1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the party will suffer without relief is greater than the harm the opposing party will suffer if the stay is granted; and 5) the stay will be in the public interest." Id. (citing Kiel v. City of Kenosha, 236 F.3d 814, 815-16 (7th Cir. 2000)).

---

[3] The defendants' statement that Texas district court's injunction prohibits the federal government from enforcing its policies at all is overbroad. The Texas court's order prohibits the federal government from enforcing certain Department of Education policies (relevant to this case) against the plaintiffs in that case "until the Court rules on the merits of this claim, or until further direction from the Fifth Circuit Court of Appeals." Texas v. United States, 2016 WL 4426495 at 17.

4

Every argument which the defendants raise in their motion for stay pending appeal was raised in their objection to the motion for preliminary injunction, and the parties argued every one of those issues at the September 20, 2016 hearing. The court found in favor of the plaintiff, and against the defendants, on each factor. The defendants give no explanation for why the court should find in their favor now, when eight days prior to their filing this motion to stay, the court found against them on exactly the same issues they raise here.

The court **DENIES** the defendants' motion Civil L.R. 7(h) Expedited, Non-Dispositive Motion to Stay Preliminary Injunction. Dkt. No. 44.

Dated in Milwaukee, Wisconsin this 3rd day of October, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge