| | |
|---|---|
| ASHTON WHITAKER,<br><br>               Plaintiff,<br><br>   v.<br><br>KENOSHA UNIFIED SCHOOL DISTRICT<br>NO. 1 BOARD OF EDUCATION,<br><br>               Defendant. | Civ. Action No. 2:16-cv-00943-PP<br>Judge Pamela Pepper |

## CONSENT JUDGMENT

      1.      Whereas, Plaintiff Ashton Whitaker ("Plaintiff")[1] filed a Complaint [Dkt. No. 1] on July 20, 2016 and Amended Complaint [Dkt. No. 9] on August 15, 2016 against Defendant Kenosha Unified School District No. 1 Board of Education ("Defendant"),[2] bringing claims under Title IX of the Education Amendments of 1972 ("Title IX") and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution challenging, *inter alia*, Defendant's alleged policies or practices denying Plaintiff, a transgender boy, the ability to use restrooms corresponding to his male gender identity at school and during school-sponsored activities, Defendant's alleged monitoring of Plaintiff's restroom usage, and other alleged actions

---

[1] Plaintiff, who was a minor at the time this action commenced, originally filed this lawsuit through his mother and next friend, Melissa Whitaker. On September 5, 2017, following Plaintiff's 18th birthday, the Court issued an order granting Plaintiff's unopposed motion to amend the case caption to permit Plaintiff to pursue this action in his own capacity [Dkt. No. 74].

[2] The Amended Complaint also named Sue Savaglio-Jarvis, in her official capacity as Superintendent of the Kenosha Unified School District No. 1, as a defendant. On August 11, 2017, the Parties filed a joint stipulation to dismiss Ms. Savaglio-Jarvis [Dkt. No. 72].

by Defendant in which Plaintiff was treated differently from other male students because of his gender identity;

2. Whereas Defendant denied the majority of the allegations in the Amended Complaint;

3. Whereas, Plaintiff's Amended Complaint sought, *inter alia*, preliminary and permanent injunctive relief, compensatory damages sufficient to compensate Plaintiff for the physical, emotional, and educational injuries he suffered as a result of Defendant's actions, and compensation for his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

4. Whereas, this Court entered an order denying Defendant's motion to dismiss Plaintiff's claims on September 21, 2016, as amended on September 26, 2016, and the U.S. Court of Appeals for the Seventh Circuit denied Defendant's motion for interlocutory review of this Court's denial of Defendant's motion to dismiss on November 14, 2016 in *Kenosha Unified Sch. Dist. No. 1 Bd. of Educ. v. Whitaker*, 841 F.3d 730, 732 (7th Cir. 2016);

5. Whereas, on September 22, 2016, this Court entered a preliminary injunction [Dkt. No. 33] enjoining Defendant from "(1) denying [Plaintiff] access to the boys' restrooms; (2) enforcing any policy, written or unwritten, against the plaintiff that would prevent him from using the boys restroom during any time he is on the school premises or attending school-sponsored events; (3) disciplining the plaintiff for using the boys restroom during any time that he is on the school premises or attending school-sponsored events; and (4) monitoring or surveilling in any way [Plaintiff's] restroom use;"

6. Whereas, on May 30, 2017, the U.S. Court of Appeals for the Seventh Circuit issued an opinion and order affirming the preliminary injunction entered by this Court and denying Defendant's motion for exercise of pendent appellate jurisdiction over this Court's

2

denial of Defendant's motion to dismiss, holding that Plaintiff was likely to succeed on the merits of his claims under both Title IX and the Equal Protection Clause, that Plaintiff would likely have suffered irreparable harm without the injunction and had no adequate remedies at law without the injunction, and that the balance of harms favored Plaintiff, *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044-55 (7th Cir. 2017);

7. Whereas, Plaintiff graduated from Tremper High School in the Kenosha Unified School District on May 31, 2017, and anticipates returning to the school district's campuses or offices as an alumnus and community member;

8. Whereas, on August 29, 2017, Defendant filed a petition for writ of certiorari seeking review of the Seventh Circuit's May 30, 2017 order with the U.S. Supreme Court, Plaintiff's response to that petition is due on January 26, 2018, and the Supreme Court has not yet ruled on that petition;

9. Whereas, the Parties expressly understand and agree that this Consent Judgment is a compromise of disputed claims and that it shall not be construed as, or be deemed to be, evidence of any admission or concession of any fault or liability or damage whatsoever on the part of the Defendant;

10. Whereas, the Parties desire to settle the issues raised by Plaintiff's Amended Complaint and subsequent proceedings without the necessity of further litigation; and

11. Whereas, the Parties have reached a settlement agreement and consent to entry of the following final and binding consent judgment as dispositive of all issues raised in this matter.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

A. On or before the date the Parties file this Consent Judgment with the Court, Defendant shall compensate Plaintiff in the amount of $800,000, in full and final satisfaction of

his claims for compensatory damages and reasonable attorneys' fees and costs. A portion of the monetary award shall be used to fund future periodic payments to the Plaintiff as set forth in a separately executed periodic payment agreement (in the amount stipulated in that agreement), the terms of which are incorporated by reference in this Consent Judgment. The remainder of the monetary award will be paid to Plaintiff in a lump-sum payment.

    B.    Defendant, including its current and future board members, administrators, employees, and all other persons within the scope of Federal Rule of Civil Procedure 65 (Defendant's officers, agents, servants, employees, and attorneys), is permanently enjoined from:

        1.    taking any action barring or restricting Ashton Whitaker from accessing, entering, or using male-designated restrooms available to male visitors or alumni at any campus, office, or facility owned or operated by Defendant;

        2.    imposing terms and conditions on Ashton Whitaker's use of male-designated restrooms that differ from those imposed on other male visitors or alumni;

        3.    monitoring Ashton Whitaker's use of male-designated restrooms available to male visitors or alumni at any campus, office, or facility owned or operated by Defendant in a manner different from other male visitors or alumni; and

        4.    retaliating against Plaintiff or his immediate family members in any manner, including with respect to the terms and conditions of Melissa Whitaker's employment with Defendant.

    C.    No later than 15 calendar days after the Court's entry of this Consent Judgment, Defendant will notify all of its current board members, district-level administrators, and school-

4

Case 2:16-cv-00943-PP   Filed 01/22/18   Page 4 of 6   Document 91-1

level principals and assistant principals of the terms of the permanent injunction, providing a copy of the consent judgment with such notice, and, for at least the three-year period following entry of this Consent Judgment, will similarly notify all new board members, district-level administrators, and school-level principals of the terms of the permanent injunction on or before each such individual's first date of service with Defendant.

      D.      Defendant will withdraw its pending petition for writ of certiorari before the United States Supreme Court within one day of the date this Consent Judgment is filed by the Parties.

      E.      All other pending deadlines and motions in this action are hereby vacated.

      F.      This Consent Judgment shall remain binding on Defendant for a period of 10 years from the date of filing or unless and until modified by the Court on motion with proper cause under Federal Rule of Civil Procedure 60.

      G.      This Court retains jurisdiction of this action and the Parties for purposes of enforcement, interpretation, or modification of this Consent Judgment for a period of 10 years from the date of filing.

**SO ORDERED**, this _____ day of _____, 2018.

                                                                                          _____
                                                                                                         U.S. District Judge

The following signatures of counsel indicate the Parties' consent to the form and content of this Consent Judgment:

| For Plaintiff Ashton Whitaker: | For Defendant Kenosha Unified School District No. 1 Board of Education: |
|---|---|
| *signature:* Joseph Wardenski | *signature* |
| Joseph J. Wardenski<br>Michael G. Allen<br>Sasha Samberg-Champion<br>Alexa Milton<br>RELMAN, DANE & COLFAX, PLLC<br>1225 19th Street, NW, Suite 600<br>Washington, DC 20036<br>Phone: (202) 728-1888<br>Fax: (202) 728-0848<br>jwardenski@relmanlaw.com<br>mallen@relmanlaw.com<br>ssamberg-champion@relmanlaw.com<br>amilton@relmanlaw.com | Ronald S. Stadler<br>Aaron J. Graf<br>Jonathan E. Sacks<br>MALLERY & ZIMMERMAN, S.C.<br>731 North Jackson Street, Suite 900<br>Milwaukee, WI 53202-4697<br>Phone: (414) 271-2424<br>Fax: (414) 271-8678<br>rstadler@mzmilw.com<br>agraf@mzmilw.com<br>jsacks@mzmilw.com<br><br>Dated: 1-19-18 |
| Shawn Thomas Meerkamper<br>TRANSGENDER LAW CENTER<br>P.O. Box 70976<br>Oakland, CA 94612<br>Phone: (415) 865-0176<br>Fax: (877) 847-1278<br>shawn@transgenderlawcenter.org | |
| Robert Theine Pledl<br>MCNALLY PETERSON, S.C.<br>1233 North Mayfair Road, Suite 200<br>Milwaukee, WI 53226<br>Phone: (414) 257-3399<br>Fax: (414) 257-3223<br>rpledl@mcpetelaw.com | |
| Dated: 1/18/2018 | |